UNITED ORDER OF GOOD SAMARITANS v. ROBINSON.

Opinion delivered October 18, 1926.

1.  INSURANCE—CONSIDERATION FOR COMPROMISE.—An instruction to disregard a compromise agreement of the beneficiary to release one-half of a benefit certificate unless the jury find some consideration therefor is erroneous where the evidence was uncontradicted that the release was signed with knowledge of defendant's contention that it was entitled to refuse past-due premiums and cancel the policy.

2.  INSURANCE—VALIDITY OF COMPROMISE.—Where a beneficiary, with knowledge of the contention by the insurer that insured was over the insurable age, signed an agreement to take a reduced sum under the policy, she will be bound thereby.

Appeal from St. Francis Circuit Court; *E. D. Robertson*, Judge; reversed.

*Norfleet & Norfleet*, for appellant.

*Mann & Mann*, for appellee.

WOOD, J. This action was instituted by the appellee against the appellant to recover on a benefit certificate issued by the appellant on the life of the mother of the appellee for the benefit of the appellee. The appellant agreed, on the conditions named in the certificate, to pay to the appellee, on the death of the assured, the sum of $300, and also to pay $50 as a burial benefit. The appellee set up the certificate, alleged that the assured had complied with its terms, and was in good standing at the time of her death; that the appellant had refused to comply with the terms of the contract, and she prayed for judgment in the sum of $350. The appellant, in its answer, admitted that the assured was in good standing at the time of her death on November 25, 1923. It defended on the ground that, at the time the certificate was issued to the assured, she was over 61 years of age, and that, under the terms of the policy and the by-laws of the appellant, in such event it undertook to pay $25 for each full three months membership in the order if the assured member died of dropsy, and not to exceed the full value of the policy. The appellant alleged that the assured died of dropsy, and that, under the terms of the

policy, the appellee was only entitled to recover the sum of $150, which sum the appellant had tendered and was willing to pay. The appellant further alleged that the appellee was estopped from claiming more than the sum of $150 because of a written agreement signed by her to accept that sum in full satisfaction of the policy; that the appellant and the appellee, before the death of the assured, were in a dispute as to whether the certificate was a binding contract. The appellant agreed to accept the premium and to continue the policy in force, notwithstanding the assured was over the age at which the appellant could issue its certificate, provided the appellee would agree to accept the sum of $150 on the death of the assured; that the appellee had entered into a written agreement to accept said sum, and the appellant thereupon continued the policy.

There was testimony on behalf of the appellant to the effect that, under the by-laws of the order, at the time the certificate was issued the appellant was forbidden to accept as members persons over sixty years of age. Under the by-laws of the order the appellant was authorized to refund the premiums that had been paid on the certificate and to cancel the certificate and past due premiums. It was under these circumstances that the following written agreement was executed by the appellee on October 16, 1923: "This is to certify that I, Mary Robinson, beneficiary in policy of Fanny Coleman, hereby agree, in case of death of said Fanny Coleman, to accept one-half of the amount stated in the policy now under consideration, and under no consideration will it be more than $150."

A witness for the appellant who negotiated the transaction for the appellant testified that the appellee signed the agreement voluntarily, and the witness then accepted the past due premium from the appellee. Other witnesses for the appellant testified that they were present and witnessed the agreement, and that the agent of appellant refused to accept the past due premium unless plaintiff would sign the agreement. There was further testimony

on behalf of the appellant tending to prove that the assured, at the time the certificate was issued, was more than sixty years of age. There was testimony to the effect that she died of dropsy.

The appellee testified that she signed the written agreement above set forth, and she does not deny that it was signed under the circumstances as detailed by the witnesses for the appellant.

At the request of the appellee, and over the objection of the appellant, the court, among other instructions, gave to the jury the following: "Unless you find that there was some consideration for the signing of the release of one-half of the policy, you will disregard such release." The jury returned a verdict in favor of the appellee in the sum of $350, and from a judgment in appellee's favor for that sum is this appeal.

The court erred in giving the instruction above set forth, at the instance of the appellee. By this instruction the issue was submitted to the jury as to whether or not there was a consideration for the execution of the agreement. The facts are undisputed, and they show that there was a consideration moving to the appellee from the appellant for the execution of the agreement. Under the appellant's by-laws, which were a part of the contract of insurance, the appellant had the right to refuse to accept past due premiums and to cancel the policy if the assured was more than sixty years of age. The undisputed testimony shows that the appellant was contending that the appellee, at the time the agreement was entered into, was over sixty years of age, that the certificate was subject to cancellation, and that it had refused to accept the past due premium and would have canceled the certificate if the appellee had not signed the agreement to accept not exceeding the sum of $150 as full payment for the amount due under the policy. The undisputed testimony was to the effect that the appellee voluntarily signed the above agreement, after she had been fully advised of the contention made by the appellant. The facts were undisputed, and they prove that the agree-

ment was a valid one. It was within the power of the appellant, under its constitution and by-laws, to enter into such an agreement, which was a consideration moving from the appellant to the appellee as an inducement for her to execute the agreement. Under the undisputed evidence, the appellee is therefore estopped from repudiating the binding force of her agreement.

If the appellee will enter a *remittitur* so as to reduce the judgment in her favor to the sum of $150, the error may be cured here. For the error indicated the judgment is reversed, and the cause will be remanded for a new trial, unless the appellee, within fifteen days, will agree to the entry of a judgment in this court in her favor against the appellant in the sum of $150 with interest from the date of the rendition of such judgment.